**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

**Case No.:21-81761-CIV-CANNON**

| | |
|---|---|
| **RADICAL INVESTMENTS LTD., a St. Lucia Company,** | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| **GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida limited liability company,** | ) |
| **ALEX LEE MOORE, JR., a/k/a ALEX MOORE, a/k/a FLEX MOORE,** | ) |
| **PRESTIGE PEGASUS LLC, a Colorado limited liability company,** | ) |
| **MONILADAE COLEY, a/k/a MONILADAI D. COLEY,** | ) |
| **CHARLES Z. STEIN, ESQ., a/k/a CHARLIE STEIN,** | ) |
| **DAVIDOVICH STEIN LAW GROUP, LLP, a California limited liability Partnership,** | ) |
| **Defendants.** | ) |

**ANSWER, COUNTER-COMPLAINT AND CROSS-CLAIM OF GOOD VIBRATIONS ENTERTAINMENT AND ALEX LEE MOORE**

Come now the Defendants Good Vibrations Entertainment[1] ("GVE") and Alex Lee

[1] There are two Good Vibrations Entertainment, LLC, one is a Florida LLC formed in May 2021 and an Ohio LLC which is the proper defendant in this action. Because neither Moore nor the Ohio LLC contest the diversity jurisdiction, the answer assumes, except as otherwise stated, that Plaintiff refers to Good Vibrations Entertainment, LLC an Ohio Limited Liability Company.

Moore ("Moore") collectively referred to as GVE/Moore and for their answer to the Amended Complaint would state as follows:

1.      GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 1.

2.      GVE/Moore admit there is a Florida LLC with the same name and under the same control as the entity involved in the transactions which are the subject of this litigation.  However the agreement was entered into in April 2021 and that GVE is an Ohio Limited Liability Company that had its principal place of business in Newport Beach, California.  GVE/Moore deny that at the time of the agreement the Florida LLC was even in existence or that Moore resided in Florida.  Moore currently spends the majority of his time in Florida and is a citizen of Florida for purposes of diversity jurisdiction.  The allegations of the last sentence are denied.

3.      GVE/Moore admit the allegations of the first sentence and deny the last two sentences.  It is admitted that Moore in his corporate capacity, on behalf of GVE, transacted business from time to time.

4.      It is admitted that the Court has jurisdiction over Moore, the remaining allegations are denied.

5.      GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 5.

6.      GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 6.

7.      GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 7,  but admit Stein's citizenship

upon information and belief.

8.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 8.

9.    Admitted.

10.    Admitted.

11.    Denied.

12.    GVE/Moore admit the Court has jurisdiction of them.

13.    Denied.

14.    It is admitted that the Court has jurisdiction over GVE.  The remaining allegations are denied.

15.    It is admitted that Moore is subject to the jurisdiction of this Court as a general proposition.  The remaining allegations are denied.

16.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 16.

17.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 17.

18.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 18.

19.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 19.

20.    The allegations are admitted as it relate to GVE/Moore.  GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 20 as they relate to the other defendants.

21. Denied.

22. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph.

23. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 23.

24. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 24.

25. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 25.

26. GVE/Moore deny the allegations of paragraph 26.

27. It is admitted that Chamley, who resides in Florida was retained and paid by RIL to assist it in some capacity. Otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 27.

28. It is admitted that Moore resided, at times, within the Southern District of Florida and at times in the State of California or the State of Ohio. The majority of his time is now spent in Florida.

29. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 29.

30. It is admitted that RIL represented that it was so authorized. Otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 30.

31. It is admitted that various people were referred to various other persons and

ultimately, a purchase agreement was executed.

32. It is admitted that some of the terms are outlined.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 39.

40. It is admitted that Moore supplied RIL with an invoice that was supplied to GVE.

41. It is admitted that Moore refused to supply additional account information. The remaining allegations are denied as stated.

42. It is admitted that RIL authorized release of the funds.

43. It is admitted that Stein was authorized to make certain distributions provided in the agreement.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Denied.

49. GVE/Moore are without sufficient knowledge or information upon which to

form a belief as to the truth of the allegations of paragraph 49.

50. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 50.

51. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 51.

52. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 52.

53. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 53.

54. The allegations are denied as stated.

55. Admitted.

56. GVE/Moore deny the allegations as stated. Moore indicated that "we" were speaking with Astra Zeneca referring to Prestige.

57. Denied.

58. It is admitted that Mahoney was introduced to Coley of Prestige and that she is the principal of Prestige.

59. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 59.

60. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 60, except that Exhibit 8 appears to be a judgment against Coley individually.

61. It is admitted RIL through its counsel sent exhibit 9, the terms and substance of which speak for itself.

62. It is admitted that Stein responded the letter as set forth in Exhibit 10, the terms and substance of which speak for itself.

63. It is admitted that Stein sent the letter set forth as Exhbit 10, the interpretation of which may differ in terms of what was meant, or what should or should not have been included.

64. Denied.

65. It is admitted that RIL through its counsel sent a response letter set forth as Exhibit 11, the terms and substance of which speak for itself.

66. It is admitted that RIL through its counsel sent a response letter set forth as Exhibit 11, the terms and substance of which speak for itself.

67. It is admitted that Stein sent a response letter set forth as Exhibit 12, the terms and substance of which speak for itself.

68. It is admitted that Moore passed on a letter that was supplied to him by Prestige Pegasus and/or Coley. The substance of the letter set forth in exhibit 13 speaks for itself.

69. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 69, except that upon information and belief, GVE/Moore admit that RIL attempted to go directly to Serum and/or Astra Zeneca when it discovered the price it was paying GVE was substantially more that it could obtain the vaccines for had it gone directly to the manufacturer or distributor.

70. It is admitted that RIL through its counsel sent a letter set forth as Exhibit 14, the terms and substance of which speak for itself.

71. Denied.

72.     Admitted.

73.     It is admitted that Exhbit 16 forwards directly to the Government an agreement between Prestige Pegasus and the Government of Barbados.

74.     It is admitted that Exhibit 17 was sent and which speaks for itself.  It is further admitted that Moore was aware that vaccines from Astra Zenaca were difficult to procure absent a country's initial participation in the funding of the research.

75.     It is admitted that Exhibit 18 was created, the terms and substance of which speak for itself.  GVE/Moore neither admit nor deny the substance of the electronic mail or the conclusions contained therein.

76.     GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 76.

77.     GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 77, except it is admitted RIL sought return of monies and Moore on behalf of GVE authorized the return.

78.     GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 78.

79.     GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph.  Notwithstanding this, there does appear to be a document set forth as exhibit 21 containing certain terms and conditions.

80.     GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 80.

81.     Paragraph 81 contains on factual allegations but mostly legal conclusions.

It is admitted that the release contains certain terms. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 81.

82. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 82 as they relate to other entitites. It is admitted GVE has not returned the funds.

83. The allegations of the first and third sentences are admitted. The remaining allegations are denied as stated.

84. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of the first, second and fourth sentence of paragraph 84. GVE/Moore deny the allegations of the third sentence as stated.

**COUNT I – PIERCING THE CORPORATE VEIL AS TO GVE**

85. GVE/Moore incorporate their response to the allegations of paragraphs 1 through 84 herein by reference.

86. It is admitted that the quotes set forth in paragraph 86 contain some general legal principles and quotes.

87. It is admitted that the quotes set forth in paragraph 87 contain some general legal principles and quotes.

88. Denied as stated.

89. It is admitted that Moore held himself out as the sole member of the LLC.

90. It is admitted that some of the funds were distributed in accordance with the normal principles of a LLC, i.e. paid out to the members. The remaining allegations are denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Moore and Good Vibrations will use all legal and available defenses.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**COUNT II – PIERCING THE CORPORATE VEIL AS TO PRESTIGE**

103. GVE/Moore Incorporated their response to the allegations of paragraphs 1-84 herein by reference.

104-119. The allegations of paragraphs 104-119 make no factual averments as to GVE/Moore. To the extent that they are intended to they are denied by GVE/Moore. Otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the allegations.

**COUNT III – CIVIL CONSPIRACY**

120. GVE/Moore Incorporated their response to the allegations of paragraphs 1-84 herein by reference.

121. Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

**COUNT IV–ALLEGED VIOLATION OF FDUTPA AS TO GVE**

126.   GVE/Moore Incorporated their response to the allegations of paragraphs 1-84 herein by reference.

127.   It is admitted that the statute cited generally contains the language set forth in paragraph 127.  It is denied that it is applicable to the transactions set forth in the complaint or the matters set forth in the contract underlying the complaint.

128.   Denied as stated.

129.   It is admitted the RIL entered into an agreement with GVE to procure vaccines.  It is denied that GVE engaged in fraud or fraudulent inducement of RIL or any other entity.

130.   Denied.

131.   It is admitted the Florida Statute contains certain provisions which have been liberally construed by the appropriate courts.

132.   It is admitted the Florida Statute contains certain provisions which have been liberally construed by the appropriate courts.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   It is admitted that paragraph 138 generally contains certain legal principles.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   It is admitted that Plaintiff seeks certain relief.  It is denied that it is entitled to any relief against GVE or Moore.

**COUNT V – ALLEGED VIOLATION OF FDUTPA AS TO MOORE**

147.   GVE/Moore incorporate their response to paragraphs 1 through 84 herein by references.

148.   It is admitted that paragraph 148 generally contains certain legal principles It is denied that it is applicable to the transactions set forth in the complaint or the matters set forth in the contract underlying the complaint.

149.   Denied.

150.   It is admitted Moore passed on information provided to him by Coley, Prestige and others but otherwise the allegations are denied.

151.   Denied.

152.   It is admitted that paragraph 152 generally contains certain legal principles. It is denied that it is applicable to the transactions set forth in the complaint or the matters

set forth in the contract underlying the complaint.

153.    It is admitted that paragraph 153 generally contains certain legal principles. It is denied that it is applicable to the transactions set forth in the complaint or the matters set forth in the contract underlying the complaint.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    It is admitted that paragraph 159 generally contains certain legal principles. It is denied that it is applicable to the transactions set forth in the complaint or the matters set forth in the contract underlying the complaint. It is further denied that such provisions were violated by Moore.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    It is admitted that Plaintiff seeks relief but denied that it is entitle to any relief against Moore.

**COUNT VI --ALLEGED VIOLATION OF FDUTPA AS TO PRESTIGE**

168.   GVE/Moore incorporate their response to paragraphs 1 through 84 herein by references.

169.   There are no factual allegations related to GVE/Moore and no response is required.

170.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 170.

171.   There are no factual allegations related to GVE/Moore and no response is required.

172.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 172. Notwithstanding this GVE/Moore believed that Prestige had the ability to acquire the vaccines.

173.   There are no factual allegations related to GVE/Moore and no response is required.

174.   There are no factual allegations related to GVE/Moore and no response is required.

175.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 175.

176.   Denied.

177.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 177.

178.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 178.

179.   GVE/Moore are without sufficient knowledge or information upon which to

form a belief as to the truth of the allegations of paragraph 179.

180. There are no factual allegations related to GVE/Moore and no response is required.

181. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 181.

182. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 182.

183. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 183.

184. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 184.

185. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 185.

186. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 186.

187. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 187.

188. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 188. Notwithstanding, the allegations are denied to the extent that they relate to GVE/Moore.

**COUNT VII – ALLEGED VIOLATION OF FDUTPA AS TO COLEY**

189. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

190.    There are no factual allegations related to GVE/Moore and no response is required.

191.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 191.

192.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 192.

193.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph.  Notwithstanding, GVE/Moore believed Coley and/or Prestige had the ability to obtain the vaccines.

194.    There are no factual allegations related to GVE/Moore and no response is required.

195.    There are no factual allegations related to GVE/Moore and no response is required.

196.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 196.

197.    Denied.

198.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 198.

199.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 199.

200.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 200.

201.    There are no factual allegations related to GVE/Moore and no response is

required.

202. There are no factual allegations related to GVE/Moore and no response is required.

203. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 203.

204. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 204.

205. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 205.

206. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 206.

207. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 207.

208. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 208.

209. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 209. Notwithstanding, the allegations are denied to the extent that they relate to GVE/Moore.

**COUNT VIII–FRAUD ALLEGED AGAINST GVE.**

210. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

211. Denied.

212. Denied.

213. Denied.

214. Denied. In most instances GVE passed along e-mails or other information that was provided to GVE.

215. Denied.

216. It is admitted that if GVE believed it would not be able to facilitate or procure the vaccines that it would have had a duty to disclose such.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

**COUNT IX FRAUD ALLEGED AGAINST MOORE**

223. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

224. Denied.

225. Denied.

226. Denied.

227. Denied. In most instances Moore passed along e-mails or other information that was provided to Moore.

228. Denied.

229. It is admitted that if Moore believed he would not be able to facilitate or procure the vaccines that he would have had a duty to disclose such.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

**COUNT X–FRAUD ALLEGED AGAINST PRESTIGE**

236. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference

237. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 237.

238. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 238, except it is admitted that Prestige made multiple representations and gave multiple assurances to GVE/Moore and the Plaintiff that it would and did have the ability to deliver the vaccines.

239. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 239.

240. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 240, except it is admitted that Prestige made multiple representations and gave multiple assurances to GVE/Moore and the Plaintiff that it would and did have the ability to deliver the vaccines.

241. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 241.

242. It is admitted if the factual allegations set forth in the paragraph were in fact true that Prestige would have had a duty to disclose that to Plaintiff, as well as, to GVE/Moore.

243. It is admitted the the factual allegations set forth in paragraph 242 were not disclosed. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations it is alleged should have been disclosed.

244. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 244.

245. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph. Notwithstanding, If Prestige made such misrepresentations or omissions they were made to GVE/Moore as well and with the same intent.

246. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 246.

247. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 247.

248. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XI–FRAUD ALLEGED AGAINST COLEY**

249. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

250. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 250.

251. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 251, except it is admitted that Coley made multiple representations and gave multiple assurances to GVE/Moore and the Plaintiff that she would and did have the ability to deliver the vaccines.

252. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 252.

253. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 253, except it is admitted that Coley made multiple representations and gave multiple assurances to GVE/Moore and the Plaintiff that she would and did have the ability to deliver the vaccines.

254. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 254.

255. It is admitted if the factual allegations set forth in the paragraph were in fact true that Coley would have had a duty to disclose that to Plaintiff, as well as, to GVE/Moore. Otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 255.

256. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 256.

257. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 257.

258. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph. Notwithstanding, If Colley made such misrepresentations or omissions they were made to GVE/Moore, as well, and

with the same intent.

259. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 259.

260. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 260.

261. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XII – FRAUD ALLEGED AS TO STEIN**

262. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

263. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 263.

264. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 264, except it is admitted that Stein insisted that an amendment be made to the agreement when Plaintiff demanded the return of the funds.

265. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 265.

266. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 266.

267. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 267.

268. GVE/Moore are without sufficient knowledge or information upon which to

form a belief as to the truth of the allegations of paragraph 268.

269. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 269.

270. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 270.

271. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 271.

272. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 272.

273. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 273.

274. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XIII – FRAUD ALLEGED AGAINST DS LAW GROUP**

275. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by references.

276. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 276.

277. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 277, except it is admitted that Stein insisted that an amendment be made to the agreement when Plaintiff demanded the return of the funds.

278. GVE/Moore are without sufficient knowledge or information upon which to

form a belief as to the truth of the allegations of paragraph 278.

279. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 279.

280. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 280.

281. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 281.

282. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 282.

283. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 283.

284. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 284.

285. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 285.

286. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 286.

287. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XIV – NEGLIGENT MISREPRESENTATIONS AT TO GVE**

288. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by references.

289. It is denied that GVE accepted the a 12.2 million dollar deposit. It is admitted

that it was placed with a paymaster under a paymaster agreeement. It is further admitted that the Agreement called for GVE to procure or facilite procurement of vaccines under the contract the terms of which speak for itself.

290. It is admitted that GVE had an obligation as set forth in the contract the terms of which speak for itself.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

295. GVE/Moore deny the plaintiff is entitled to any damages or relief from GVE/Moore.

**COUNT XV – NEGLIGENT MISREPRESENTATION AS TO MOORE**

296. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

297. It is denied that Moore accepted the a 12.2 million dollar deposit. It is admitted that it was placed with a paymaster under a paymaster agreeement. It is further admitted that the Agreement called for GVE to procure or facilite procurement of vaccines under the contract the terms of which speak for itself. It is denied that Moore individually had any such duty.

298. It is admitted that GVE had an obligation as set forth in the contract the terms of which speak for itself.

299. Denied.

300. Denied.

301. Denied.

302. Denied.

303. GVE/Moore deny the plaintiff is entitled to any damages or relief from GVE/Moore.

**COUNT XVI – NEGLIGENT MISREPRESENTATION AT TO PRESTIGE**

304. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

305. Admitted.

306. Admitted, and such duty alleged extended to GVE/Moore.

307. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 307.

308. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 308.

309. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 309.

310. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 310.

311. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XVII – NEGLIGENT MISPRERESENTATION AS TO COLEY**

312. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

313. Admitted.

314. Admitted, and such duty alleged extended to GVE/Moore.

315. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 315.

316. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 316.

317. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 317.

318. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 318.

319. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XVIII – UNJUST ENRICHMENT ALLEGED AS TO GVE**

320. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

321. It is admitted that some benefit has been realized by GVE.

322. Admitted.

323. Admitted the funds were accepted from the Paymaster as approved by the Plaintiff.

324. Denied.

325. Denied.

326. It is denied that Plaintiff is entitled to any monies or other forms of relief whatsoever from the GVE/Moore.

**COUNT XIX – UNJUST ENRICHMENT AS TO MOORE**

327. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference

328. It is admitted that some benefit has been realized by GVE and in turn, a lesser benefit realized by Moore.

329. Admitted.

330. Denied. Is is admitted that GVE accepted from the Paymaster as approved by the Plaintiff.

. 331. Denied.

332. Denied.

333. It is denied that Plaintiff is entitled to any monies or other forms of relief whatsoever from the GVE/Moore.

**COUNT XX – UNJUST ENRICHMENT AGAINST PRESTIGE**

334. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

335. It is admitted that Prestige was paid $2,000,000.00, being the benefit of its bargain under the agreement to procure vaccines.

336. Admitted.

337. Admitted the funds were accepted from the Paymaster as approved by the Plaintiff.

338. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 338.

339. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 339.

340. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XXI – UNJUST ENRICHMENT ALLEGED AGAINST COLEY**

341. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference

342. It is admitted that Prestige was paid $2,000,000.00, being the benefit of its bargain under the agreement to procure vaccines.

343. Admitted.

344. Admitted the funds were accepted from the Paymaster as approved by the Plaintiff.

345. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 345.

346. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 346.

347. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XXII – CONVERSION ALLEGED AS TO GVE**

348. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference

349. Denied.

350. Denied.

351. Denied.

352. It is denied Plaintiff is entitled to any recover any funds or any relief.

**COUNT XXII – CONVERSION ALLEGED AS TO MOORE**

353. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

354. Denied.

355. Denied.

356. Denied.

357. It is denied Plaintiff is entitled to any recover any funds or any relief.

**COUNT XXIV – CONVERSION ALLEGES AS TO PRESTIGE**

358. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

359. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 359.

360. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 360.

361. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 361.

362. There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XXV – COVERSION ALLEGES AS TO COLEY**

363. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

364. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 364.

365.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 365.

366.    GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 366.

367.    There are no factual allegations related to GVE/Moore and no response is required.

**COUNT XXVI – BREACH OF CONTRACT ALLEGED AS TO GVE**

368.    GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

369.    Admitted in part and denied in part.  It is admitted that the parties entered into an agreement by which vaccines would be provided.  It was later discovered that RIL had accepted funds on behalf of another government which was part of the funds used in the transaction.  As a result, any vaccines had to be provided to the respective governments directly since RIL was not an approved intermediary, wholesaler or distributor of vaccines.

370.    It is admitted that RIL deposited the funds with the Paymaster.

371.    It is admitted that the vaccines have not been delivered, but denied that such violated the agreement at the time it was repudiated by RIL.

372.    Denied.

**COUNT XXVII – BREACH OF CONTRACT ALLEGED AS TO MOORE**

373.    GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

374.    Denied.

375.    As there was no contract between Moore and Plaintiff depositing funds in

escrow with a Paymaster did not fulfill any obligation as it related to a contract with Moore, something that did not exist.

376. Denied. Moore had not individual obligations under the agreement between RIL and GVE.

377. Denied.

**COUNT XXXVIII – NEGLIGENCE ALLEGED AS TO STEIN**

378. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

379. Admitted upon information and belief.

380. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 380.

381. It is admitted that DS Law Group, presumably acting through Stein as it representative had an obligation to comply with the agreement, otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 381.

382. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 382.

383. GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 383.

**COUNT XXIX – NEGLIGENCE ALLEGED AS TO DS LAW GROUP**

384. GVE/Moore incorporate their response to paragraphs 1 through 84 herein by reference.

385. Admitted upon information and belief.

386.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 386.

387.   It is admitted that DS Law Group, presumably acting through Stein as it representative had an obligation to comply with the agreement, otherwise, GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of paragraph 387.

388.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 388.

389.   GVE/Moore are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of paragraph 389.

390.   Any and all allegations not previously admitted explained or denied are hereby expressly denied as if specifically denied hereinabove.

**AFFIRMATIVE DEFENSES**

391.   GVE/Moore allege the amended complaint fails to state a claim upon which relief can be granted as to any claims under the FDUPTA.  The agreement specifically provides that it is to be controlled by California law without regard to choice of law.

392.   GVE/Moore allege that both venue and jurisdiction are improper.  Moore is resident of the State of Ohio and GVE and the corporation with which the agreement was made was an Ohio Corporation with its principal place of business located in Newport Beach, California.   Good Vibrations Entertainment LLC (a Florida Limited Liability Company) was not formed until May 19, 2021.

393.   The agreement contains a Force Majure Clause which is applicable to the delay in this matter.  Plaintiff's cancellation of the contract constitutes the first material

breach.

394. RIL is not entitled to any equitable relief as to GVE/Moore as a result if it own conduct and unclean hands in attempting to go directly to the manufacturers or distributors after it found out GVE's pricing.

**COUNTER-COMPLAINT**

Now assuming the role of counter plaintiff, Good Vibrations Entertainment LLC sues RIL and avers and alleges as follows:

395. GVE sues RIL and avers and alleges that after the execution of the contract RIL discovered that the pricing through intermediaries that was being paid through GVE was substantially less than what RIL had agreed to pay GVE.

396. More particularly, GVE was able to obtain the Astra-Zeneca vaccine for substantially less than $10.00 US per dose. As a result, RIL realized it had effectively paid substantially more than that which it might have been able to obtain the vaccine assuming that it was available to RIL.

397. After execution of the agreement, and after the orders were placed, RIL discovered that AstraZeneca had agreed to provide dosing through Covax in perpetuity at the rate between 3 and 4 dollars per dose to low and middle income countries which would have also included Barbados and RIL's other client. The Government of Barbados ultimately discovered this as well.

398. Serum was manufacturing substantial portions of the vaccine under a license with AstraZeneca.

399. Knowing that there was still a substantial backlog in the delivery of the vaccines to the public and that those EU countries that funded the research for the vaccine

were first in line, RIL, sought cancel the agreement. In effect, RIL had made a bad investment and rather than making whatever the price differential was between the $12.00 per dose (including commission) and RIL's agreement with the governments that it had apparently overcharged, it sought to cancel the agreement and reap the benefit of the price differential between the roughly $3.00 to $4.00 per dose that GVE and its intermediaries would have paid and that which what they had paid to for the dosing, yielding a profit to RIL of an additional 6 to 7 million dollars.

400. As a result, RIL announced it was canceling the agreement and sought to go directly to the manufacturer AstraZeneca or through the Covax intitiative to obtain the vaccine at the lower price.

401. After RIL had cancelled the contract, the Barbados Government was able to obtain some vaccines through a series of initiatives including Covax albeit at rate that GVE would have paid.

402. RIL breach the agreement by cancelling it and attempting to go behind the the back of GVE and its intermediaries.

403. RIL interfered with GVE and its intermediaries in an effort not to help the citizens of Barbados but in an effort to extract the profit for itself.

404. Upon information and belief, the governments purportedly represented by RIL have found their vaccines elsewhere at subtantially lower prices than quoted by RIL to provide the dosing. They have demanded the return of the funds.

405. Such was done after RIL had cancelled the agreement and attempted to go directly to the manufacture to obtain the vaccines, something that it was not entitled to do as it was not in the approved vendor chain, and after GVE expended sums of monies to

intermediaries and for transportation of the vaccines.

406. As a result of obtaining the vaccines through special programs, the governments have now demanded that RIL return the funds advanced by the governments or in the alternative, RIL's investors have demanded return of their funds invested with RIL for this purpose.

407. RIL's predicament is of their own making.

408. Had RIL not wrongfully cancelled the contract, GVE would have realized a profit of well in excess of the funds demanded by RIL.

409. Wherefore GVE sues RIL for the profits lost as a result of the wrongful cancellation and all expense it has incurred to fulfill its obligations.

**CROSS COMPLAINT**

Now also assuming the role of Cross-Plaintiffs, GVE and Moore, suit Prestige and Coley and aver and allege as follows.

410. GVE/Moore aver and alleges each has been sued by RIL, alleging variuos cause of action as more fully set forth in the Amended Complaint.

411. GVE/Moore aver and allege that to the extent that RIL has any recovery against either, that such is a result of the actions of Prestige and Coley as alleged in the factual section of the amended complaint and each cause of action alleged against Coley and Prestige.

412. GVE/Moore aver and allege that to the extent that RIL was in anyway defrauded or the victim of unfair and deceptive actions on the part of Coley or Radical, that each were also the victim of the very same actions.

413. GVE/Moore aver and allege that the post formation actions and reassurances

each are alleged to have given to RIL were in fact actions and reassurances provided to GVE/Moore and RIL jointly by Prestige and Coley. To the extent that they constituted illegal or wrongful conduct toward RIL they constitute the same against GVE/Moore.

414. To the extent that such conduct resulted in actionable conduct against GVE/Moore are entitled to recover an equal amount from Prestige and Coley and to be indemnified for any loss suffered by GVE/Moore.

**WHEREFORE**, now having fully answered, counter and cross pled, GVE and Moore demand:

1. The amended complaint against them be dismissed.
2. That GVE be awarded judgement against RIL for its lost profits and expenses.
3. That to the extent that it is obligated on any amounts to RIL that it have a judgement in an equal amount against Prestige and Coley, jointly and severally.
4. For such other and further relief to which it may be entitled.
5. GVE/Moore demand a jury in this matter.

Respectfully submitted,

*/s/ Ronald J. Cohen*

**Ronald J. Cohen** (Florida Bar No. 235504)
rcohen@loriumlaw.com
**LORIUM LAW**
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301
(954) 462-8000 main
(954) 331-1287 direct

*/s/ John D. Schwalb*

**John D. Schwalb (Tenn. Bar No. 011671)**
**john@jdschwalb.com**
**JOHN D. SCHWALB, PLLC**
120 Third Avenue South
Franklin, Tennessee 37064-2511
(615) 794-7100

***Attorneys for Good Vibrations Entertainment LLC and Alex Lee Moore a/k/a Flex Moore***

**CERTIFICATE OF SERVICE**

I certify that the foregoing motion and accompanying proposed order have been served upon all counsel of record through the ECF system of the Court on this 28th day of January 2022.

*/s/ Ronald J. Cohen*
**Ronald J. Cohen**