## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:21-cv-81761-CANNON/REINHART

RADICAL INVESTMENTS, LTD.,

     Plaintiff,

v.

GOOD VIBRATIONS ENTERTAINMENT,
LLC; ALEX LEE MOORE, JR. a/k/a ALEX
MOORE a/k/a FLEX MOORE; PRESTIGE
PEGASUS, LLC; MONILADAE COLEY a/k/a
MONILADAI D. COLEY; **CHARLES Z.
STEIN, ESQ. a/k/a CHARLIE STEIN**; and
**DAVIDOVICH STEIN LAW GROUP, LLP,**

     Defendants.

_____/

### STEIN DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

Specially-Appearing Defendants, CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN ("Stein") and DAVIDOVICH STEIN LAW GROUP, LLP ("DSLG" and, with Stein, the "Stein Defendants") through undersigned counsel and pursuant to Local Rule 7.1(c), respectfully submit this reply brief in support of their *Motion to Quash Service of Summons and Dismiss First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)* (DE # 29, the "Motion").

**A.    Plaintiff Repeats Vague Allegations, Without Evidence in Support Thereof**

In an effort to sustain its claim of personal jurisdiction over the Stein Defendants, the *Plaintiff's Opposition to Stein Defendants' Motion to Quash Service of Summons and Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction* (DE # 33, the "Opposition") regurgitates vague allegations about the Stein Defendants' role as escrow agent for the subject

transaction.  In this regard, the opposition contends, "the Stein Defendants undoubtedly played a critical role in the scheme to mislead and defraud Plaintiff out of millions of dollars, which Plaintiff had deposited with the Stein Defendants …" (Opposition, p. 4); "the Stein Defendants were continuously in contact with a Florida citizen and a Florida entity for months upon months in order to carry out this fraud …" (Opposition, p. 4); "the Stein Defendants clearly have operated, conducted, engaged in, and/or carried on a business or business venture in Florida – providing the service of acting as an attorney/escrow agent in transaction involving a Florida Citizen and a Florida LLC …" (Opposition, p. 4); and "The Stein Defendants communications via telephone, e-mail, and text message with Moore and GVE in Florida relating to the transaction and the underlying fraud brings them squarely within the reach of a Florida court" (Opposition, p. 6).

These statements are primarily characterizations of counsel, with neither meaningful nor admissible evidentiary support.  As set forth in the moving papers, the burden of proof requires that when a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall*, 916 F. 2d. 1510, 1514 (11th Cir. 1990).  Plaintiff submits the Declaration of Olivia Watson ("Watson Decl.") with the Opposition, but the only portion of this declaration which attempts to address the Stein Defendants' purported contacts with Florida is paragraph 26 which states, "To the best of my knowledge, Stein engaged in repeated communications with Moore, via e-mail, text message, and telephone during the entirety of which Moore was living and operating in the state of Florida."

This is speculation.  Ms. Watson does not have **personal knowledge** (Fed. R. Evid. 602) of the alleged communications between two other people – Moore and Stein.  Ms. Watson does not declare the facts which form the basis of her purported knowledge of emails, texts, and telephone conversations between Moore and Stein.  Nor does she attach any such documents to

her declaration.  Ms. Watson's assertion is inadmissible.  The Court should not be guided by Ms. Watson's declaration – especially paragraph 26 therein – in ruling on this Motion.  Plaintiff's assertion that the Stein Defendants had contacts with persons in Florida is founded on Ms. Watson's declaration and, thus, fails.

In contrast to Plaintiff's vague assertions, the Stein Defendants have submitted the Declaration of Charles Z. Stein (DE # 29-1, the "Stein Decl.") wherein Mr. Stein declares – based on personal knowledge – specific facts weighing against personal jurisdiction over him.  Mr. Stein declares, *inter alia,* that when he met Moore, he was told by Moore that GVE was located in Santa Monica, California (Stein Decl., ¶ 4); and when he called Moore by phone concerning his role as the escrow agent, he called him at a "(310)" cell phone number, which Stein knew as the area code for West Los Angeles, including Santa Monica, where GVE has its office (Stein Decl., ¶ 6).  Plaintiff's non-specific allegations and inadmissible evidence clearly do not carry its burden of proof in opposing the Motion.

**B.     The Stein Defendants Were Not Operating a Business or Business Venture in Florida**

Plaintiff contends in its Opposition that the Stein Defendants "clearly have operated, conducted, engaged in, and/or carried on a business or business venture in Florida …" (Opposition, p. 4); however, Mr. Stein's declaration demonstrates to the contrary.  First, he explains that his only office is in California and that he is not admitted to practice law in Florida (Stein Decl., ¶ 2).  Furthermore, Mr. Stein declares that when he met Moore, he was told by Moore that GVE has its office in Santa Monica, California (Stein Decl., ¶ 4).  The escrow agreement confirmed this to Stein – GVE identified itself therein as, "Good Vibrations Entertainment LLC of 2219 Main St., Santa Monica, CA 90405, United States (EIN # ----- represented by Alex Moore, the duly authorized CEO (the "Seller")" (Stein Decl., Ex. A, p. 1).  Similarly, when Stein called Moore by phone, he did so at a cell phone number with an area code for West Los Angeles (Stein Decl., ¶ 6).

Plaintiff's suggestion that the Stein Defendants were operating or conducting a business or a business venture in Florida is misguided and does not support personal jurisdiction.

### C.     The Stein Defendants Relied on the Transactional Documents

Although Plaintiff contends in the opposition brief that Mr. Stein somehow was aware he was working with persons in Florida, the transactional documents do not support this position.  As explained above, GVE identified itself in the escrow agreement as a company in Santa Monica, California (Stein Decl., Ex. A, p. 1).  This agreement set forth Stein's function as the escrow agent, and was entered into by GVE and Plaintiff, as well as Stein.  He was entirely reasonable in relying on the express representation of Moore, as CEO, that GVE was a California company.

In fact, the escrow agreement was incorporated into the purchase agreement wherein GVE had also represented itself to be located at "2219 Main St., Santa Monica, CA 90405" (First Amended Complaint, Ex. 2, p. 1).  Since GVE, through Moore, clearly represented that it was located in California and Plaintiff had represented it was in St. Lucia, it cannot be concluded that Stein **purposefully availed** himself of any benefits of the state of Florida.  Rather, he understood that he was dealing with companies in California and St. Lucia, in reliance on the transactional documents presented to him.  Similarly, given the locations of buyer and seller – as represented in the escrow agreement – the Stein Defendants could not "reasonably anticipate" being compelled to defend litigation in Florida. *Fraser v. Smith* 594 F.3d 842, 852 (11th Cir. 2010).

### D.     The Settlement Agreement Between Plaintiff and the Stein Defendants Is Enforceable

The settlement agreement recently entered between into by Plaintiff and the Stein Defendants contains a forum selection clause, yet Plaintiff asserts that this agreement is void.  Plaintiff's contention, however, arises out of a misinterpretation of California Civil Code § 1668.

**(1)      California Civil Code § 1668 prohibits a release of liability for future acts, not past acts.**

In the Opposition (p. 17), Plaintiff asserts that the settlement agreement is void under California Civil Code § 1668 as an attempt to "… contract his way out of his own fraud and violations of law."  Plaintiff, however, grossly misinterprets this statute.

Civil Code § 1668 prohibits a party from entering into a contract which releases **future** liability, not liability for **past** acts.  In *Daneshmand v. City of San Juan Capisrano*, 60 Cal. App. 5th 923, 935 (4th Dist. Ct. App. 2021), California's Fourth District Court of Appeal clarified and explained the intent of Civil Code § 1668.  The plaintiffs in *Daneshmand* contended that a release violated public policy by attempting to invoke Civil Code § 1668 and *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747 (2007).  The *Daneshmand* Court held that

> These authorities address contracts releasing a party for future tortious acts, they do not address releases for past alleged bad acts.  "[Civil Code section 1668] is meant to prohibit contracts releasing liability for *future* torts [citation], **not to prohibit settlements of disputes relating to past conduct**."

*Id.* at 754 (**bold** emphasis added); *see also*, *Halliday v. Green* 244 Cal. Rptr. 2d 482 (5th Dist. Ct. App. 1966) (release in residential lease, waiving all claims for injuries to tenant, was ineffective to bar tenant's lawsuit against landlord for injuries suffered in a fire in the apartment building where tenant leased an apartment).

Clearly, Plaintiff's misguided interpretation of § 1688 would render every settlement agreement entered into in California void and prohibit parties from settling their disputes.  Plaintiff's reading of this statute would perpetuate litigation and, frankly, thrust the judiciary into chaos.  This, of course, was not the intent of the California legislature nor is it a practical interpretation of this statute.  Therefore, the only rational method of managing the current lawsuit filed by Plaintiff against the Stein Defendants is to honor the choice of jurisdiction clause in the settlement agreement (Stein Decl., Ex. D thereto, at ¶ 5(d)).

(2)      **Plaintiff turns the dispute resolution process upside down.**

Plaintiff's attempt to evade its settlement agreement takes the dispute resolution process and turns it upside down, *i.e.* into a disorderly process.  The Opposition asserts that Mr. Stein somehow forced Plaintiff to enter into the settlement.  In response, first, it is to be expected that the Stein Defendants would require a settlement agreement, since Stein was acting in furtherance of a written escrow agreement which included an irrevocable pay order (Stein Decl., Exhibit A "Irrevocable Pay Order" to Ex. A thereto).

Second, the Stein Defendants emphasize that Plaintiff entered into the settlement agreement while represented by legal counsel (Stein Decl., ¶ 7) – namely, Oliva Watson.  In her Declaration to the Motion, Ms. Watson: states that she is the "Legal and Commercial Director of a group of companies, including Radical Investments Ltd. …" (Watson Decl., ¶ 3); sets forth her knowledge of the transaction between Plaintiff and Defendant GOOD VIBRATIONS ENTERTAINMENT, LLC (Watson Decl., ¶¶ 4-17); and explains that she negotiated the settlement agreement with the Stein Defendants (Watson Decl., ¶¶ 21-24).  Given Ms. Watson's sophistication, Plaintiff cannot now back out of its settlement agreement.  Unfortunately, Plaintiff has "buyer's remorse."

In this regard, Plaintiff attempts to turn the dispute resolution process upside down by inviting this Court to sanction a situation wherein Plaintiff found itself in a business dispute; settled the dispute by a written settlement agreement and release; but now sues regarding the dispute.  In fact, Plaintiff sued the Stein Defendants quickly after settling with them, *i.e.* eleven weeks later (DE # 13).  This is backwards and disorderly.  The Stein Defendants, on the other hand, invite the Court to honor a process whereby a business dispute arose; the parties thereto settled it by a written settlement agreement and release; and now, the terms of this settlement agreement are followed. It is obvious that the Stein Defendants offer the only road to resolution.

**(3)     The Settlement Agreement includes a Civil Code § 1542 waiver.**

To the extent that Plaintiff contends that after entering into the settlement agreement new information arose which renders the agreement invalid – this tact is meritless.  The settlement agreement expressly includes a Civil Code §1542 waiver.  Immediately following the release, paragraph 3(b) states:

> Radical intends for this Release to serve as a full and final accord and satisfaction and release as to all claims as to Stein. In furtherance of this intention, and as further consideration for this Release, Radical expressly waive and relinquish all rights under Section 1542 of the California Civil Code as to Stein, which provides:
>
> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

Stein Decl., Ex. D thereto.  Additionally, paragraph 3(c) continues, stating, "Accordingly, the releases given herein shall remain in effect notwithstanding the discovery or existence of any additional facts or claims in existence at the time this Release was executed." *Id.*

Therefore, even if new facts came to light after this settlement agreement was entered into, it remains in effect and must be complied with.  As such, assuming *arguendo* that Stein did not satisfy all his responsibilities under the agreement as Plaintiff suggests, its remedy would by only to enforce the agreement, not to allege an array of other claims.  And, as set forth in the moving papers, any action to enforce the agreement must be brought in California.  In considering the settlement agreement and the framework of "traditional notions of fair play and substantial justice", it is clear that the instant motion to quash and to dismiss should be granted.

**E.     Plaintiff's Case Law Can Be Distinguished**

The Opposition cites at least five cases in support of its position that personal jurisdiction over the Stein Defendants in Florida is appropriate based on Plaintiff's allegation of a conspiracy; specifically, *Wilcox v. Stout* 637 So. 2d 335, 337 (Fla. 2d. DCA 1994); *Axa Equitable Life Ins. Co.*

*v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1349, (S.D. Fla 2009); *Energy Source, Inc. v. Gleeko Prop., LLC*, No. 10-21162-CIV, 2011 WL 3236047 (S.D. Fla. July 28, 2011); *Universal Physicians Serv., LLC v. Del Zotto*, Case No. 8:16-cv-1274-T-36JSS, 2017 WL 11016112 (M.D. Fla. Mar. 2, 2017); and *Wyndham Vacation Ownership, Inc. v. Montgomery Law Firm, LLC*, Case No. 6:18-cv-2121-Orl-37LRH, 2019 WL 5394186 (M.D. Fla. Aug. 8, 2019).  While these cases concern the jurisdictional analysis which this Court performs on a motion to dismiss, they are distinguishable in that **none of them involved parties who had a forum selection clause** in a settlement agreement between them.  On this ground, the cases are dissimilar from the dispute between Plaintiff and the Stein Defendants and are certainly not dispositive of this Motion.

### F.    Jurisdictional Discovery Is Not Necessary

In the Opposition, Plaintiff asks the Court to allow jurisdictional discovery.  This, however, is not necessary since both parties have submitted their declarations in support of and in opposition to the Motion, respectively.  Furthermore, given the paramount role of the settlement agreement between Plaintiff and the Stein Defendants, discovery is not at all necessary.  In fact, discovery would not change what the settlement agreement indisputably states.  For this reason, this Honorable Court should rule on the instant Motion, based on the papers submitted.

### CONCLUSION

Based on the above, as well as their moving papers, Specially-Appearing Defendants, CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP, respectfully request that their *Motion to Quash Service of Summons and Dismiss First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)* (DE # 29) be granted in its entirety and that the Court dismiss them with prejudice from the instant action.

Dated: January 31, 2022

**Seth A. Kolton**
Seth A. Kolton, Esq. (Florida Bar No. 0021045)
Attorney E-mail address: seth@shendellpollock.com
Shendell & Pollock, P.L.
2700 N Military Trail, Suite 150
Boca Raton, FL 33431
Telephone:     (561) 241-2323

- and-

**Brian T. Smith**
Brian T. Smith (PHV)
Attorney E-mail address: bsmith@zelmserlich.com
Zelms, Erlich & Mack, LLP
20920 Warner Center Lane, Suite B
Woodland Hills, CA 91367
Telephone:     (408) 608-2114

*Attorneys for Davidovich Stein Law Group, LLP
and Charles Z. Stein*