## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 21-81761-CIV-CANNON

**RADICAL INVESTMENTS LTD.**,

      Plaintiff,

v.

**GOOD VIBRATIONS**
**ENTERTAINMENT, LLC**, *et al.*,

      Defendants.

_____/

### ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** comes before the Court upon the Clerk's Default as to Defendants
Moniladai D. Coley and Prestige Pegasus, LLC [ECF No. 39], entered on February 1, 2022. Upon
review of the record, it appears that Defendants Moniladai D. Coley and Prestige Pegasus, LLC
have indeed failed to respond to the Complaint or otherwise appear in this action.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff must file one of the following two responses
by **February 16, 2022**:

(1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no
allegations of joint and several liability, and no possibility of inconsistent liability between
Defendants, Plaintiff shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by
Defendant, and any other supporting documentation necessary to determine Plaintiff' measure of

---

[1] If there are multiple Defendants, Plaintiff must state in the *motion for default final judgment* that
there are no allegations of joint and several liability and set forth the basis why there is no
possibility of inconsistent liability.

CASE NO. 21-81761-CIV-CANNON

damages. The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** to cannon@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendant's counsel or to Defendant if it does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2)  Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *notice of joint liability. See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2017) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

\*                    \*                    \*

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice as to these Defendants.

CASE NO. 21-81761-CIV-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 2nd day of February

2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

3