**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

**Case No.: 21-81761-CIV-CANNON**

RADICAL INVESTMENTS LTD.,  )
a St. Lucia Company,  )
)
)
)
Plaintiff,  )
)
v.  )
)
GOOD VIBRATIONS ENTERTAINMENT )
LLC, a Florida Corporation, et al.,  )
)
)
)
Defendants.  )
_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AS TO DEFENDANTS MONILADAI D. COLEY AND PRESTIGE PEGASUS, LLC AS TO COUNTS II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV OF PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Plaintiff, by and through the undersigned counsel, and files its Motion For Final Default Judgment as to Defendants MONILADAI D. COLEY ("Coley") and PRESTIGE PEGASUS, LLC ("Prestige) (Coley and Prestige collectively, "Defendants"), as to **Counts II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV** of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 55(b)(1) and states as follows:

**INTRODUCTION**

1. On February 1, 2022, the Clerk of Courts for the United States District Court for the Southern District of Florida entered a Default against Defendants for failure to answer, appear,

or otherwise defend the above captioned lawsuit. [DE 39]. As set forth in detail below, Plaintiff is entitled to a final judgment against the Defendants as a matter of law.

2. This is an action which was brought by Plaintiff, Radical Investments Ltd. to recover funds which were grossly misappropriated by a co-Defendant of Coley and Prestige in the above-captioned action. The funds were deposited into an escrow account with their use intended for the procurement of one million doses of COVID-19 vaccines for the benefit of the nation of Barbados and its nearly 300,000 citizens. The vaccines were never procured, nor were they delivered to Plaintiff, despite the Defendants and their co-Defendants retaining the majority of Plaintiff's funds, to which they are not entitled.

3. Plaintiff has filed this action as it seeks to recover said funds which were largely misappropriated, and which Defendants have unlawfully retained. To date, Defendants have refused to return any portion of the funds to Plaintiff, despite promising to do so in a call placed by defendant Coley to Plaintiff's counsel in late October 2021 after she had been served with the summons and Amended Complaint in this action.

4. As such, Plaintiffs move at this time for Final Default Judgment against Defendants Coley and Prestige as to **Counts II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV** of Plaintiff's Amended Complaint.

## DISCUSSION AND MEMORANDUM OF LAW

5. On or about April 27, 2021, a co-Defendant of Defendants, Mr. Charles Z. Stein Esq. initiated a wire transfer of $2 million to defaulted Defendant Prestige Pegasus, LLC. Prestige is a Colorado limited liability company, for which defaulted Defendant Coley is the sole principal and manager.

6.	Prior to the wire transfer initiated by Stein on April 27, 2021, Prestige/Coley purported to have the ability and connections to procure one million doses of vaccines from AstraZeneca, a major manufacturer of Covid vaccines. However, Defendants did not procure the vaccines, despite promising multiple times that they would be able to do so. With the benefit of hindsight, it now appears that Prestige/Coley had no ability whatsoever to source, let alone deliver the vaccines, and that they were part of an elaborate charade manufactured by the Defendants and their co-Defendants, who acted in concert to induce Plaintiff to continue on with the transaction and not seek a return of its funds until it was too late.

7.	All of the allegations contained within Plaintiff's Amended Complaint are extensively detailed and heavily substantiated by the documents and correspondence which Plaintiff attached to its Amended Complaint as exhibits.

8.	To date, Defendants Coley and Prestige have not returned any of the funds which were transmitted via wire transfer to them by their co-Defendant Stein. As such, with respect to Defendants Coley and Prestige, Plaintiff has plead at length and in great detail counts for violations of FDUTPA, Fraud, Negligent Misrepresentation, Unjust Enrichment, and Conversion, counts for which Plaintiff is now moving for Final Default Judgment.

9.	Further, Plaintiff proceeded with actions against Defendant Coley and Prestige to pierce the corporate veil of Defendant Prestige, for which, as previously stated, Defendant Coley is the sole principal and manager. In Count II of Plaintiff's Amended Complaint, Plaintiff stated that: "In Florida, the corporate veil will be pierced only in exceptional circumstances, such as for fraud or where the corporation is formed for some illegal purpose. "Improper conduct is present only in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose . . . or where the purpose is to evade some statute or to accomplish some fraud or illegal

purpose." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1320 (11th Cir. 1998) (citation and internal quotation marks omitted); *Lipsig v. Ramlawi,* 760 So.2d 170, 187 (Fla. 3d DCA 2000) (noting that "unless there is a showing that a corporation was formed, or at least employed, for an unlawful or improper purpose - as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced.")".

10. Again, Plaintiff has plead at length and in great detail that Defendant Coley controlled, operated, and managed Prestige, and that she was its sole principal. In actuality, Defendant Prestige was a mere instrumentality of Coley, and was used by Coley to conduct her illicit and fraudulent dealings. As plead, there does not appear to be any other business function of Prestige Pegasus LLC other than to commit this fraud.

11. Coley used Defendant Prestige in order to reap enormous financial gains from her fraudulent activities. *To wit,* Coley repeatedly lied, misrepresented and defrauded the Plaintiff into believing that Defendants could obtain these vaccines and to not to cancel the transaction, which ultimately cost Plaintiff nearly $7 million, $2 million of which was retained by Coley via Prestige. The transaction and amounts retained by Coley will be further detailed in the Declaration of Olivia Watson, legal and commercial director of Plaintiff, which was filed contemporaneously with this motion.

12. To date, as detailed in Plaintiff's Complaint and the exhibits thereto, Coley has publicly flaunted her newfound wealth on social media, purchasing Rolls Royce vehicles, designer shoes and handbags, multiple diamond encrusted Rolex watches, and other luxury items that did not appear on her social media pages prior to these events.

13. Undoubtedly, Coley has enormously benefitted from the funds which were transmitted to Prestige, which further demonstrates that Prestige was merely a sham that Coley hoped would shield her from liability stemming from her ill-gotten gains.

14. It is crystal clear that Defendant Prestige is dominated by Coley in such a way that Prestige is the instrumentality and/or alter ego of Coley, and Prestige has been used for a fraudulent and/or illegal purpose, as is well plead by Plaintiff in its Amended Complaint.

15. As such, Prestige must be disregarded as a distinct entity, and its alter ego, Coley, should be held jointly and severally liable for the $2 million paid to Prestige which Coley has unlawfully retained. Coley must not be able to use Prestige to escape liability for her fraudulent activities.

16. On February 1, 2022, the Clerk of Courts for the United States District Court for the Southern District of Florida entered a default judgment against the Defendants for failure to appear, answer, or otherwise defend the lawsuit [DE 39]. By its default, the Defendant admits the well pleaded allegations of fact and liability in the complaint. *See Miller v. Paradise of Port Richey, Inc.,* 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999), *citing Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1988).

17. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty-one days of service of the latter. As set forth above, the Amended Complaint was filed and the Summons was served on the Defendants, which notified the Defendants of their obligation to file an answer to the Amended Complaint with the Clerk of Court and serve a copy of same upon Plaintiff's counsel within 21-days from the date of service. Defendant Coley even called Plaintiff's counsel to state that she had received Plaintiff's pleadings. To date, nothing has been filed on behalf of the Defendants.

18. Plaintiff recognizes that entry of a default judgment against a defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). However, when a party does not respond to a properly served complaint and ignores a duly issued and properly served summons of a court, a default judgment, though drastic, is the appropriate and, indeed, the only recourse. *See* In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate); Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D.Tex.1987) (default judgment appropriate where party served has failed to answer).

19. When the court determines that a defendant is in default, the factual allegations of the complaint are taken as true and this rule applies whether the complaint seeks legal or equitable relief. Fed. Trade Comm'n v. Kitco of Nevada, Inc., 612 F.Supp. 1282 (D.C.Minn.1985). Here, Plaintiff's well-plead Amended Complaint adequately states a claim for which relief may be granted. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). Plaintiff's Amended Complaint adequately alleges multiple claims against both Coley and Prestige, and clearly sets forth the damages owed to the Plaintiff. Further, as discussed above and at length in Plaintiff's Amended Complaint, Plaintiff alleges that Prestige is a mere alter ego of Coley and that the Defendants intentionally acted to deprive Plaintiff of its funds, and that Coley is merely using Prestige as vehicle by which to shield herself of her liability for her bad acts, and thus the corporate veil must be pierced.

20. Having not appeared, Defendants are deemed to have admitted the well-plead facts set forth in the Amended Complaint, and the Plaintiff is thus rendered successful in this action. The Defendants have not entered an appearance in this case or otherwise filed a motion to vacate the Clerk's default, and thus Defendants remain in default.

21. Accordingly, the allegations of the Complaint are now deemed admitted by Defendants Coley and Prestige and Plaintiff is entitled to Default Final Judgment and moves this Court for Final Default Judgment as to **Counts II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV** of Plaintiff's Amended Complaint.

## DAMAGES

22. In the instant case, Plaintiff's claim for damages is the amount of funds which were misappropriated to Defendants Coley and Prestige, which is an exact sum of two-million dollars ($2,000,000.00).

23. In support of the damages alleged in Plaintiff's Amended Complaint, Plaintiff has submitted the above-referenced Declaration of Olivia Watson, and, therefore, a hearing is not necessary to support Plaintiff's claim for damages. *See* **Exhibit A.** Further, *See* Fed. R. Civ. P. 55(b)(1), stating that, with respect to a final default judgment, "*By the Clerk*. If the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the Plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person".

24. Here, Defendants are neither minors, nor are they incompetent or in the military.

25. The amount in controversy is an exact sum certain, totaling $2,000,000.00.

26. Further, Defendants Coley and Prestige are jointly and severally liable for the damages suffered by Plaintiff. Defendants are deemed to have admitted the well-pleaded facts of Plaintiff's Amended Complaint, and Plaintiff states that there is no possibility of inconsistent liability between the Defendants as the claims are asserted equally against both Defendants and both have been defaulted.

27. Accordingly, based on the foregoing, Plaintiff requests that this Court enter a Final Default Judgment as to **Counts II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV** against Defendants MONILADAI D. COLEY and PRESTIGE PEGASUS, LLC, jointly and severally, in the amount of $2,000,000.00. A proposed Final Default Judgment has been filed contemporaneously with this Motion.

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that this Court enter a Final Default Judgment against the Defendants, MONILADAI D. COLEY and PRESTIGE PEGASUS, LLC as to **Counts II, VI, VII, X, XI, XVI, XVII, XX, XXI, XXIV & XXV.**

Dated: February 16, 2022

Respectfully submitted,

VAZQUEZ & ASSOCIATES
*Attorney for Plaintiff*
1111 Brickell Avenue Suite 1550
Miami, Florida 33131
Telephone (305) 371-8064
Facsimile (305) 371-4967

By:   */s/ Ralph R. Longo IV*
**RALPH R. LONGO IV, ESQ.**
Florida Bar No.: 124169
RL@GVazquez.com
**GERARDO A. VAZQUEZ, ESQ.**
Florida Bar No.: 06904
GV@GVazquez.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 16, 2022, the foregoing document was

electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. Further, pursuant to this Court's Order and Local Rules, Plaintiff has sent copies of this Motion to the addresses where the Defendants were served with service of Process, along with the corporate address for Defendant Prestige Pegasus, which are 6625 Reseda Blvd., Reseda, CA, 91335 and 7182 Edgewood Drive, Highlands Ranch, CO 80130, respectively.

By: */s/ Ralph R. Longo IV*
**RALPH R. LONGO IV, ESQ.**