**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

**Case No.: 21-81761-CIV-CANNON**

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al., | ) ) ) ) ) ) |
| Defendants. | ) ) / |

**RADICAL INVESTMENTS LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO GOOD VIBRATIONS ENTERTAINMENT LLC'S COUNTER-CLAIM[1]**

Plaintiff/Counterclaim-Defendant RADICAL INVESTMENTS LTD. ("RIL" or "Counter-Defendant"), for its Answer to the Counterclaim of Defendant and Counterclaim Plaintiff GOOD VIBRATIONS ENTERTAINMENT, LLC ("GVE") (Docket No. 36), hereby responds as follows:

**GENERAL DENIAL**

Unless expressly admitted below, RIL denies each and every allegation GVE has set forth in its Counterclaim.

395.   RIL denies the allegations set forth in Paragraph 395 of the Counterclaim.

396.   RIL denies the allegations set forth in Paragraph 396 of the Counterclaim.

---

[1] This Pleading is being re-filed, for the sole purpose of correcting an error in the signature block pursuant to the Clerk of Court's Notice [D.E. 44].

397. RIL denies the allegations set forth in Paragraph 397 of the Counterclaim.

398. RIL is without knowledge to admit or deny the allegations set forth in Paragraph 398 of this Counterclaim. Any and all remaining allegations and implications with respect to Paragraph 398 are hereby denied.

399. RIL denies the allegations set forth in Paragraph 399 of the Counterclaim.

400. RIL denies the allegations set forth in Paragraph 400 of the Counterclaim.

401. Plaintiff is without knowledge to admit or deny the allegations set forth in Paragraph 401 of the Counterclaim. Any and all remaining allegations and implications with respect to Paragraph 401 are hereby denied.

402. RIL denies the allegations set forth in Paragraph 402 of the Counterclaim.

403. RIL denies the allegations set forth in Paragraph 403 of the Counterclaim.

404. Plaintiff is without knowledge to admit or deny the allegations set forth in Paragraph 404 of this Counterclaim. Any and all remaining allegations and implications with respect to Paragraph 404 are hereby denied.

405. RIL denies the allegations set forth in Paragraph 405 of this Counterclaim.

406. RIL denies the allegations set forth in Paragraph 406 of this Counterclaim.

407. RIL denies the allegations set forth in Paragraph 407 of this Counterclaim.

408. RIL denies the allegations set forth in Paragraph 408 of this Counterclaim.

409. RIL admits the assertion set forth in Paragraph 409 to the extent that GVE is suing RIL, but denies the assertions and allegations set forth in this Paragraph to the extent that RIL is liable to GVE for any damages, lost profits, sum or expense whatsoever.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Unclean Hands)

As its First Affirmative Defense, RIL asserts that GVE is barred from recovering damages via its Counterclaim because GVE has unclean hands, committed numerous torts against RIL, and has acted as a co-conspirator in a scheme to defrauded RIL out of millions of dollars. What is more, GVE and its principal, Co-Defendant Alex Lee Moore, were the masterminds of a conspiracy to defraud RIL. GVE and Moore fabricated the AstraZeneca invoice to fraudulently induce RIL to continue with the transaction. Likewise, GVE by and through Moore, repeatedly assured RIL throughout the transaction that they would procure the Covid vaccines. Unfortunately, the entire Covid vaccine transaction scheme was a fiction. There was never a genuine invoice to purchase vaccines from AstraZeneca, nor vaccines from AstraZeneca. Accordingly, GVE should not benefit from its own wrongdoing.

### Second Affirmative Defense
### (Failure to State a Cause of Action)

As its Second Affirmative Defense, RIL states that GVE is barred from proceeding in this action because they have failed to state a cause of action. More specifically, GVE has failed to state plausible or sufficient causes of action and provides implausible conclusions for what is apparently an attempt to plead breach of contract and tortious interference claims.

### Third Affirmative Defense
### (Failure to Satisfy Condition Precedent)

As its third affirmative defense, RIL asserts that GVE has failed to satisfy conditions precedent to bringing this action. One such condition precedent was expressly stipulated in the purchase and sale agreement dated April 16, 2021, which required GVE to provide an invoice from AstraZeneca within 24 hours of the funds being deposited in the Escrow Account. In fact, the invoice provided as contemplated in the purchase and sale agreement was a forgery.

### Fourth Affirmative Defense
### (Estoppel)

As its fourth affirmative defense, RIL states that GVE is estopped from asserting what appears to be claims for breach of contract or tortious interference. GVE fabricated the AstraZeneca invoice to fraudulently induce RIL to continue with the transaction. GVE repeatedly assured RIL throughout the transaction that they would procure the Covid vaccines. Unfortunately, the entire Covid vaccine transaction scheme was a fiction fabricated by GVE and its co-conspirators. GVE never possessed a genuine invoice to purchase vaccines from AstraZeneca, nor the vaccines from AstraZeneca which it contracted to procure for RIL benefit.

### Fifth Affirmative Defense
### (Anticipatory Repudiation)

As its fifth affirmative defense, RIL states that GVE's complaint must fail because of the doctrine of anticipatory repudiation. GVE among other wrongful acts, fabricated and delivered to RIL, a fabricated AstraZeneca invoice. RIL relied upon the same to its detriment. GVE repudiated the agreement upon delivery and RIL's discovery that the AstraZeneca invoice was a forgery.

RIL hereby reserves the right to amend its Answer and Affirmative Defenses, if appropriate or necessary, after further investigation and discovery.

Dated: February 18, 2022

**Dated: February 23, 2022**

        Respectfully submitted,

        VAZQUEZ & ASSOCIATES
*Attorneys for Plaintiff*
1111 Brickell Avenue Suite 1550
Miami, Florida 33131
Telephone (305) 371-8064
Facsimile (305) 371-4967

By:   <u>*/s/ Steven B. Herzberg*</u>
      STEVEN B. HERZBERG, ESQ.
      Florida Bar No.: 111541
      sh@gvazquez.com
      GERARDO A. VAZQUEZ, ESQ.
      Florida Bar No.: 006904
      gv@gvazquez.com
      RALPH R. LONGO IV, ESQ.
      Florida Bar No.: 124169
      rl@gvazquez.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of February 2022 I caused a true and correct copy of this document to be filed and served upon all counsel of record electronically by means of the Court's CM/ECF system.

By:      */s/ Steven B. Herzberg*
STEVEN B. HERZBERG, ESQ.
Florida Bar No.: 111541
sh@gvazquez.com
GERARDO A. VAZQUEZ, ESQ.
Florida Bar No.: 006904
gv@gvazquez.com
RALPH R. LONGO IV, ESQ.
Florida Bar No.: 124169
rl@gvazquez.com